PEOPLE ex rel. WOODHAVEN CO. *v.* DEEHAN. 175

App. Div.]    SECOND DEPARTMENT, DECEMBER TERM, 1896.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WOODHAVEN GAS LIGHT COMPANY, Respondent, *v.* JAMES F. DEEHAN, as Street Commissioner of the Village of Richmond Hill, Appellant.

*Corporation — franchise of gas light companies incorporated under chapter 37 of 1848 — the consent of the local authorities creates property rights — it is not affected by a change in the manner of municipal government — it applies only to existing streets and highways.*

The consent of the municipal authorities, given to gas light companies incorporated under chapter 37 of the Laws of 1848, to lay their mains in public streets and highways, is more than a grant of a mere license or permit.

Where such consent is obtained the corporation becomes vested with a franchise to so lay its mains in the streets, which constitutes property, of which it cannot be deprived by a change in the form of the municipal government from that of a town to that of a village.

Unless, however, such a consent is broad enough in its terms to include all streets and highways which may be laid out in the future, it will be construed to extend only to those highways which were in existence when the consent was given.

APPEAL by James F. Deehan, as street commissioner of the village of Richmond Hill, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of July, 1896, granting a peremptory writ of mandamus commanding James F. Deehan, as street commissioner of the village of Richmond Hill, to forthwith issue to the relator a permit to lay its pipes under and along Broadway in the village of Richmond Hill, as prayed for in the petition.

The petition in this proceeding alleges that the relator was duly incorporated in the year 1871, under chapter 37 of the Laws of 1848, for the purpose of manufacturing and supplying gas for the lighting of the streets, avenues, highways, public places and public and private buildings in the town of Jamaica, Queens county, New York; that on October 4, 1871, it obtained from the municipal authorities of the town of Jamaica, consent to lay conductors for conducting gas in and through the public streets and highways of the town of Jamaica, and did lay its pipes and conductors, and began, and ever since has supplied the gas for the lighting of the streets, avenues, highways, public places, and public and private

176    PEOPLE ex rel. WOODHAVEN CO. *v.* DEEHAN.

SECOND DEPARTMENT, DECEMBER TERM, 1896.          [Vol. 11.

buildings within said town; that on September 21, 1894, a portion of the town of Jamaica was incorporated into the village of Richmond Hill; that the street commissioner of the village of Richmond Hill had wrongfully and illegally refused to grant the relator a permit to lay its pipes in certain streets in said village.

*Jesse Johnson,* for the appellant.

*Paul E. De Fere,* for the respondent.

CULLEN, J. :

We agree with the counsel for the respondent, that the consent of the municipal authorities of the town of Jamaica that the relator might lay its mains through the streets and highways of the town, was more than a grant of a mere license or permit. By the act for the incorporation of gas light companies (Chap. 37, Laws of 1848) corporations organized under it were given the right to manufacture and sell gas, and with the consent of the municipal authorities the power to lay their mains in public streets and highways. Such corporations were given no power of eminent domain, and as the only means of obtaining access to consumers was through the public highways, the franchise obtained by incorporation was practically a barren one until the corporation obtained the consent of the local authorities for laying its mains. By such consent the franchise became complete, and the corporation became vested, not only with the franchise to manufacture gas, but also a franchise to lay its mains for the purpose of delivering its product. (*City of Brooklyn* v. *Jourdan,* 7 Abb. N. C. 25.) The condition of such corporations is similar to that of street railroad companies, which, by their incorporation, are vested with full corporate power to construct and operate street railroads, but cannot acquire a franchise of the street railroad itself unless by consent of the local authorities. If the necessary consents are obtained, then the franchise is complete and becomes property. (*People* v. *O'Brien,* 111 N. Y. 41.) Therefore, the change of municipal government from town to village authorities could not divest the relator of its rights, which could only be forfeited for cause.

But the question remains as to the extent of the franchise acquired by the relator. Did it embrace every highway or street that might

at any time thereafter be opened in the territory then under the control of the consenting municipal authorities, or was it confined to existing streets and highways? We think the latter is the true construction of the grant. It is to be premised that grants by the public are to be construed strictly against the grantee. Assuming that the local authorities might give a consent broad enough to include all highways that might be laid out in future, the natural reading of the consent actually given limits its application to existing highways. The local authorities are authorized to impose reasonable regulations as a condition of the consent. Subsequent change in density of population and the character of the locality, both as to business and as to improvements, and also the plan of the construction of any new highways, might render other regulations and conditions appropriate; and subsequent municipal governments should not be foreclosed from imposing such regulations as conditions for a new consent.

We think, therefore, there should be given to the consent the narrow construction.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.